UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Joshua Adam Schulte,
         Plaintiff,

-v-                                        New Complaint

David Orr and Unknown Defendants,
         Defendants.

Plaintiff Joshua Adam Schulte alleges as follows:

I. NATURE OF ACTION

1. Defendants violated the Fourth Amendment, Fifth Amendment, Fourteenth Amendment, and State law when they illegally seized and searched Plaintiff's cellphone, then initiated malicious prosecutions, abused process, and intentionally inflicted emotional distress, inter alia, with the sole intention to violate the Constitution, State laws, and deprive Plaintiff of his civil rights.

2. Individual defendants are liable under the Civil Rights Act, 42 U.S.C. § 1983.

3. Plaintiff suffered significant losses including the loss of liberty, property, pain and suffering due to the Defendants' actions.

II. JURISDICTION AND VENUE

4. This is a civil action seeking monetary relief under 42 U.S.C. § 1983. The court has jurisdiction in this action pursuant to 28 U.S.C. §§ 1331(a), 1391(b)(e), 1402(b).

5. Venue is proper in this District because "a substantial part" of the underlying events took place in Loudoun County, Virginia, located within the Eastern District of Virginia. See Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353 (2d Cir. 2005). Several actions in this case were originally filed as part of a larger case in the Southern District of New York, but recent events necessitate severance and filing of a separate action in this district.

## III. PARTIES

6. Plaintiff, Joshua Adam Schulte, has been detained at the Metropolitan Detention Center (MDC), #79471054, P.O. Box 329002, Brooklyn, NY 11232, since October 2021.

7. Defendants in this civil action include Loudoun County Detective #2372 David Orr (only known contact information email David.Orr@loudoun.gov) and Unknown Other Defendants who participated in the deprivation of civil rights against Plaintiff.

## IV. STATEMENT OF FACTS

8. Plaintiff was arrested in August 2017 for crime(s) he did not commit that are pending trial and civil rights challenges in the Southern District of New York, see United States v. Schulte, 17 CR 548.

9. Plaintiff was released on bail in September 2017.

10. While out on bail, the federal government shared a forensic image of Plaintiff's cell phone, which was illegally obtained by a warrantless grand jury subpoena, with Loudoun County Detective David Orr and others.

11. FBI agents urged Detective Orr to fabricate charges against Plaintiff to aid in revocation of his bail.

12. In an email dated Friday, October 20, 2017 at 2:55PM, Detective

Orr stated "I got the cell phone report back... Is there anything specific you guys want from [sic] u? Right now it looks like all I have is a misdemeanor unlawful filming case."

13. In a 3:15 PM response an FBI agent urged him to falsify charges because "any additional legal jeopardy our person of interest faces is just additional stress he will be put on/under."

14. The federal government pressured Detective Orr and Loudoun County Unknown Defendants to falsify charges before a grand jury so it could argue for revocation of bail.

15. On October 24, 2017, Detective Orr notified the FBI they would seek felony charges of aggravated sexual battery and digital penetration.

16. On November 15, 2017 Detective Orr filed a criminal complaint and Loudoun County entered two arrest warrants for animate object sex penetration incapacity, a Class II Felony, tracking number 1076M1700017815; and creation of unlawful image of another, a class 1 Misdemeanor, tracking number 1076M1700017816.

17. The FBI contacted the NYPD and urged them to arrest the Plaintiff as a fugitive from Virginia so it could revoke his bail.

18. The NYPD arrested Plaintiff as a fugitive on the Virginia arrest warrants in the morning of December 6, 2017; the government already had a prepared letter that it immediately filed seeking remand for "violating" the release conditions.

19. At the December 14, 2017 conference, Dkt. 24, the defense consented to remand without prejudice to allow the Plaintiff to go down to Virginia to at least address the initial arraignment on those charges to clarify the record for use in the revocation hearing. Id. at 3-4.

20. The government consented to the Virginia writ scheduled the following week for Mr. Schulte to be brought to Loudoun County court.

21. Upon remand, Virginia Loudon County Defendants immediately dropped the writ and filed a detainer as the entire goal was to abuse process to detain Mr. Schulte with no ability to challenge the fraudulent charges.

22. Defense counsel blasted the government at the January 8, 2018 hearing: "Judge, on the last court date, when we left, the idea was that we had consented to detention with the understanding that Mr. Schulte would be sent down to Virginia to face charges based on a Virginia warrant. None of that happened. Virginia just didn't do anything in this case.... Two days after we try to move Mr. Schulte to Lubbock, Texas, now suddenly Virginia decide that they want to arrest Mr. Schulte based on this warrant. And, in fact, when the NYPD officers came to arrest Mr. Schulte a 6 a.m. on a Thursday, they told him that we came because the FBI told us to come arrest you; not Virginia authorities, but the FBI came and told us to arrest you.

What I think is important is the Virginia case is just a means to keep Mr. Schulte detained. There is no new information. The state prosecutor down in Virginia has spoken with defense counsel down in Virginia and she told her, candidly, that there is no new information; it's the same pictures that the FBI had, that the FBI just gave to Virginia and asked them to make an arrest. She still cannot identify Mr. Schulte.....

What is kind of interesting is.... Virginia, they had him detained on a state warrant, he was incarcerated, and they were gunning to get him. They were scheduled to come December 20 to pick him up. The minute we consent to federal detention, and now he is no longer out, suddenly they are hands off. They didn't come to pick him up. They didn't issue a writ to come get him from federal custody. Instead, my

understanding is they simply have a detainer that, if this court lets him out on bail, they are going to come pick him up. So this idea that he is a danger to the community, that there is new information in Virginia which ties him to this crime, is just not true. Virginia is just sitting back and waiting to see what happens. They have no interest in Mr. Schulte, and if they did, Mr. Schulte would have been there already." 1/8/18 Tr. at 2-3, 5-6.

23. Mr. Schulte hired an attorney to handle the Loudon County charges, but Defendants refused to initiate discovery or progress the case at all.

24. Plaintiff was scammed out of his entire life savings and was unable to keep paying this attorney.

25. While still incarcerated, Mr. Schulte filed a massive civil complaint to preserve all the illegal actions committed by the government and Defendants, though he did not know Detective Orr's name and still is ignorant of the names of all other Defendants. See Joshua Adam Schulte v. Attorney General of the United States, et al., 19-CV-3346 (SDNY).

26. Mr. Schulte continually mailed Loudon County seeking updates on the case, but never received a single response.

27. Most recently, Mr. Schulte again moved for bail in 2021, which the government opposed based in part on the "pending Virginia charges." He appealed the decision, 21-3113 (Second Circuit), in which the government again alleged the Loudon County charges were still pending as of 2022.

28. A year later, in 2023, Mr. Schulte again mailed the Loudon County courthouse for information about the case, but did not receive a response (yet again).

29. Finally, since Mr. Schulte had been convicted (but still not yet sentenced and able to appeal after 6 full years of "pretrial detention"), he sought information from the BOP and U.S. Marshalls pursuant to the Interstate Agreement on Detainers Act (IADA), and was informed he had no pending charges in Virginia or any other detainers.

30. Mr. Schulte immediately began preparing the instant civil action.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

31. The actions herein did not take place in a prison, and therefore there were no possible administrative remedies available to Plaintiff.

## VI. DAMAGES, LOSSES, AND INJURIES

32. Defendant's actions resulted in the unconstitutional search and seizure of Mr. Schulte's cell phone.

33. Defendant's actions resulted in the unconstitutional false imprisonment and false arrest of Mr. Schulte for over 6 years and counting.

34. Defendant's actions resulted in extreme mental and emotional distress caused by years of torture in concentration camps.

35. Defendant's actions resulted in substantial physical injury to Plaintiff's hands, heart, eyes, and brain, requiring hospitalization.

36. Defendant's actions have caused permanent, irreparable harm physiologically and psychologically.

37. These constitute only a few examples of some of the harms caused by the Defendant's actions, and do not represent a complete recitation of all damages as the injury is ongoing and Mr. Schulte is unable to obtain any medical tests, diagnoses, and treatment due to his indefinite incarceration without sentence.

## VII. CAUSES OF ACTION

38. Mr. Schulte hereby realleges and incorporates by reference paragraphs 1-37 for each cause.

### FIRST CAUSE OF ACTION

39. The unconstitutional search and seizure of Mr. Schulte's cellphone, executed by a warrantless grand jury subpoena; in violation of the 42 U.S.C § 1983, the Fourth and Fourteenth Amendments, Virginia Const. articles 1, § 10.

40. Defendants relied upon this unconstitutional search for other searches and seizures, nullified as fruit from the poisonous tree.

41. First instance took place in 2017, at least by September-November, and later times; claim preserved through 2019 civil action, filed (4/12/19).

### SECOND CAUSE OF ACTION

42. The unconstitutional false arrest initiated by Defendant Orr and Unknown others, executed by Unknown Defendants, on Plaintiff on December 6, 2017 through November 15, 2017 Loudoun County arrest warrants.

43. Defendant's actions violate 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments, Virginia Constitution article 1, § 10, and Virginia common law.

44. Defendant's initiated arrest without proper probable cause and in bad faith.

45. This claim is preserved through 2019 civil action, filed 4/12/19, 19-CV-3346 (SDNY).

### THIRD CAUSE OF ACTION

46. False imprisonment initiated by Defendant Orr and Unknown others, executed by Unknown Defendants, on Plaintiff on December 6, 2017 through November 15, 2017 Loudoun County arrest warrants.

47. False imprisonment continues to this day, at least in part due to actions of Defendants.

48. Defendant's actions violate 42 U.S.C § 1983, the Fourth and Fourteenth Amendments, Virginia Constitution article 1 § 10, and Virginia common law.

49. False imprisonment initiated by Defendants without probable cause and in bad faith.

50. This claim is preserved through 4/2019 civil action, 19-CV-3346 (SDNY).

## FOURTH CAUSE OF ACTION

51. Malicious abuse of process initiated by Defendant Orr and unknown others on or about November 15, 2017.

52. The Defendants employed a regularly issued legal process, the filing of criminal complaints and arrest warrants, with the sole intent to do harm without excuse or justification, and in order to obtain collateral objectives outside the legitimate ends of the process — to revoke Mr. Schulte's bail, introduce false statements and documents into the record while preventing Mr. Schulte from litigating or exposing deceit — and all at the behest of the FBI and federal government despite no probable cause or good faith justification.

53. This claim is preserved through 4/2019 civil action, 19-CV-3346 (SDNY).

## FIFTH CAUSE OF ACTION

54. Malicious prosecution initiated by Defendant Orr and unknown others.

55. Defendants initiated criminal proceedings against Plaintiff on November 15, 2017; those proceedings terminated favorable to Plaintiff sometime before June 2023; there was no probable cause to support the proceedings and the Defendants demonstrated malice to intentionally harm Plaintiff by so doing.

56. This claim is both preserved through 4/2019 civil action, 19-CV-3346 (SDNY) and tolled pending resolution of the criminal proceeding, which ended without notification to Plaintiff notwithstanding his good faith efforts to keep tabs on the case.

## SIXTH CAUSE OF ACTION

57. The intentional infliction of emotional distress by Defendant Orr and unknown others from at least on or about November 13, 2017 to present.

58. Defendants initiated intentionally false criminal proceedings against Plaintiff; the Defendant's conduct was outrageous and intolerable; the false prosecution, arrest, and imprisonment caused emotional distress to Plaintiff; and said emotional distress was severe.

59. This claim is preserved through 4/2019 civil action, 19-CV-3346 (SDNY).

## VIII RELIEF

60. Award damages pursuant to 42 U.S.C. § 1983 for damages, losses, and injuries caused Mr. Schulte.

61. Award Mr. Schulte costs, fees, expenses, and other disbursements associated with the prosecution of this complaint, and reasonable attorney fees, pursuant to 28 U.S.C. § 2412.

62. Award punitive damages and any such other relief that this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

## IX "THREE STRIKES" RULE

63. Plaintiff has never had any actions dismissed pursuant to the "three strikes" rule.

## X. PREVIOUS SIMILAR ACTION

64. As noted herein, Plaintiff initially filed a civil complaint docketed April 2019 alleging, inter alia, many of the same causes of action in the instant case to ensure preservation of the issues.

65. That case was filed in the Southern District of New York because the majority of claims originated in that district; most of the causes involving Loudon County jointly involved both the Southern District of New York and the Eastern District of Virginia, so were filed in the Southern District of New York consistent with Second Circuit caselaw for joint jurisdiction cases.

66. That case, Schulte v. Attorney General of the United States et al., 19-CV-3346 was administratively closed pending resolution of the criminal cases.

67. Considering the recent notification to the Plaintiff of the dropped charges in Virginia, it now makes the most sense to file a new complaint in this district and transfer all related matters to this court as they are now ripe for continuation as opposed to all other actions in that case, which remain stayed.

## XI. CONSENT TO PROCEED BEFORE MAGISTRATE

68. Plaintiff consents pursuant to 28 U.S.C. § 636(c) to have a magistrate judge preside over the trial.

## XII. SIGNATURE

Dated: Brooklyn, New York
August 2, 2023

Respectfully Submitted,
Joshua Adam Schulte, pro se